■ In the Matter of AMERICAN REF-FUEL COMPANY OF NIAGARA, L.P., Appellant, v NORTHEAST SOUTHTOWNS SOLID WASTE MANAGEMENT BOARD et al., Respondents. [737 NYS2d 494] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Sedita, Jr., J.), entered March 8, 2001, which dismissed the CPLR article 78 petition seeking to annul a contract awarded by respondent Northeast Southtowns Solid Waste Management Board to respondent C.I.D. Landfill, Inc.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is granted.

Memorandum: Supreme Court erred in dismissing the petition seeking to annul a contract awarded in 1999 by respondent Northeast Southtowns Solid Waste Management Board (NEST) to respondent C.I.D. Landfill, Inc. (CID) for the disposal of solid waste. Although NEST was a proper vehicle for joint municipal action when it was formed in 1993 (*see generally,* General Municipal Law § 119-o), its term expired in 1998 without being properly extended by an amendment approved by a majority vote of the governing body of each participating member (*see,* General Municipal Law § 119-o [1]). We reject the contention of CID that the continued payment of dues by NEST members after 1998 served to renew or extend NEST's term. The continued payment of dues does not constitute the "periodic review of the terms and conditions of the agreement" required by General Municipal Law § 119-o (2) (j). Indeed, section 4 (G) of the 1993 agreement provides that a withdrawing

member is liable for its "full annual contribution" in the year in which it elects to withdraw, and thus the payment of dues in any given year does not necessarily reflect the continued participation of a member.

Furthermore, NEST lacked the requisite authority to act on behalf of all of its members in awarding the contract. Although NEST purported to act on behalf of its 36 participating municipalities pursuant to a 1998 agreement, that agreement was signed by only 13 members and approved by the majority vote of only six of the governing bodies of those 13 members and thus failed to satisfy the requirements of General Municipal Law § 119-o (1). In any event, the 1998 agreement authorized NEST only to coordinate the solicitation of bids.

Finally, we reject CID's contention that petitioner waived any objection to the contract by participating in the bidding process coordinated by NEST. It is well settled that "an unsuccessful bidder may litigate the issue of the legality of the bidding procedures on a public contract" (*Matter of Jerkens Truck & Equip. v City of Yonkers*, 174 AD2d 127, 133). We therefore reverse the judgment and grant the petition, thereby annulling the contract awarded by NEST to CID. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.